# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY KENNETH SHANKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 10-CV-2237-MLB/KGG ) |
| PROTECTION ONE, INC., | ) ) |
| Defendant. | ) ) |

## PROTECTIVE ORDER

Under Fed. R. Civ. P. 26(c), Defendant Protection One, Inc., moved the Court for entry of this Protective Order to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over claims of confidentiality, to provide adequate protection for material deemed confidential, and to ensure protection is afforded to only material deemed as such. Defendant submits that certain information and documents should be given the protection of an Order of this Court to prevent injury to the parties or others through disclosures to persons other than those persons involved in the prosecution of this litigation, including: medical records and health information; non-public financial records; personnel records; and information and records kept in a confidential manner by Defendant regarding its business practices and relationships.

Accordingly, the Court finds that good cause exists under Fed. R. Civ. P. 26(c) to enter a protective order, and grants Defendant's Motion for Protective Order. IT IS HEREBY ORDERED:

1.  All confidential documents and confidential information, as defined herein, shall be used by the parties only for purposes of preparing for and conducting the litigation styled *Kimberly Kenneth Shanks v. Protection One, Inc., Case No. 10-CV-2237-MLB/KGG* (the "Action").

2.  "Confidential documents" or "confidential information," as used herein, means documents or information so designated by any party, including, but not limited to:

    A.  Financial information about Plaintiff or Defendant;

    B.  Personal and highly confidential information about past or present employees of Defendant Protection One, Inc., including but not necessarily limited to, the following:

        i.  Personnel, medical, payroll, benefits, and other similar information or files;

        ii  Information regarding internal policies and procedures

    C.  Documents pertaining to plaintiff's prior, present, or potential employment with any individual and/or organization; and

    D.  Documents concerning plaintiff's medical condition or history.

3.  Any party to this action, whether acting on its own or through counsel ("Person") may designate material as "confidential" by affixing the legend "Confidential" to the document. The information contained or disclosed in material that has been designated as "Confidential" in accordance with this Order shall be referred to as "Protected Information." Any documents, including exhibits, generated, derived, or created from Protected Information shall also be treated as such in accordance with the provisions of this Order, and such documents shall be marked in accordance with this paragraph.

4. If any party to this Action disputes the designation of any information, document or testimony as "Confidential," that party shall attempt to resolve by agreement the question of whether or on what terms the material is entitled to confidential treatment. If agreement is not reached as to whether the information is properly designated, either party may file an appropriate motion with the court. The burden rests upon the person challenging protected status to demonstrate that the designation is improper. Until a resolution of the dispute is achieved either through consent or order of the court, all persons shall treat the designated information in accordance with its designation.

5. "Confidential" information, documents, or testimony may only be disclosed or made available on a need-to-know basis by the party receiving such information to "qualified persons" who are defined to consist of:

   a. The United States District Court for the District of Kansas, including court personnel who are authorized to review the confidential information, documents, or testimony, subject to the limitations expressed in paragraphs 6 and 7;

   b. The parties named in this action, including the corporate representative of Defendant;

   c. Counsel to all parties in this litigation and the clerical, secretarial, and paralegal staff employed by such counsel;

   d. Court reporters;

   e. Retained and/or potential experts or consultants (including their employees and/or support staff) selected by a party to this Action to assist in the prosecution or defense of the litigation;

   f. Deponents, and hearing witnesses, where counsel for a party to this action in good faith determines the individual must have access to such information in order for counsel to effectively prosecute or defend this action; and

   g. Any mediator or arbitrator involved in the action;

   h. Any person mutually agreed to in writing by the parties.

6. Confidential information shall not be disclosed by filings the public record of this proceeding or in written arguments or memoranda submitted to the Court, except as expressly provided in this Order or by subsequent order, or by written consent of the opposing party. Nothing in this Order shall serve to waive the right of any party to object at trial to the admissibility of any document or portion thereof, nor the right to file a motion in limine regarding the use at trial of any document or portion thereof.

7. Any party wishing to file any confidential document with the Court shall move for leave to file under seal in accordance with D. Kan. Rule 5.4.6 and the Administrative Procedure for filing, signing, and verifying pleadings and papers by electronic means (Civil) Part II (J).

8. Each "qualified person" to whom confidential information, documents, or testimony is disclosed, pursuant to this Stipulation, shall be advised that the confidential information, documents, or testimony is being disclosed pursuant to and subject to the terms of this Order. Said "qualified persons" shall use the confidential information, documents, or testimony only for purposes of this litigation and shall not give or otherwise divulge any of the documents, information or materials designated as "Confidential" or the substance thereof, or any copies, prints, negatives, or summaries thereof to any entity or person who is not a "qualified person," as defined in this Stipulation.

9. Nothing in this Order shall be construed to limit in any way the right of the producing person to use its Protected Information for any purpose in connection with this litigation.

10. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the information produced is deemed Protected Information and should be treated as such in accordance with the

provisions of this Order. The receiving party must treat such information as Protected Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Protected Information to persons not authorized to receive such Protected Information shall not be deemed a violation of this Order; provided, however, that the party making such disclosure shall make all reasonable efforts to notify the other party in writing of all such unauthorized persons to whom such disclosure was made. The parties shall attempt in good faith to retrieve and protect such inadvertently produced Protected Information.

11. Failure to designate confidential information prior to disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or to any other information relating thereto.

12. This Order shall not be construed to prevent any party or its representatives from using information which was lawfully in its possession prior to the production of such documents or information in the instant litigation or which was obtained from a source other than those subject to this Order.

13. Nothing in this Order shall operate to require the production of information or documents that are subject to a good faith assertion of attorney-client privilege and/or work product doctrine or are otherwise subject to a valid objection.

14. Compliance with the terms of this Order by a party or non-party shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence.

15. At the conclusion of this litigation, by judgment or otherwise, all Protected Information shall be returned to the producing party upon request within ninety (90) days of such request. Alternatively, the party to whom the request is made may destroy the Protected Information

and shall certify destruction of the same in writing within ninety (90) days of such request. Notwithstanding the foregoing, the attorneys of record for each party may retain all pleadings, briefs, memoranda, motions, and other documents containing their work product that refer to or incorporate Protected Information and will continue to be bound by the terms of this Order with respect to all such retained Protected Information. Upon termination of this Action, the court shall retain jurisdiction to enforce this Order.

16. Documents and things designated as containing Protected Information, and any copies or extracts thereof, shall be retained in the custody of the attorneys of record during the pendency of this Action, except as reasonably necessary to provide access to persons authorized under the provisions of this Order.

17. This Order shall be binding on the parties hereto when signed. This Order shall be binding upon any other person seeking its protection when that person signs a written agreement to be bound by its terms.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Protective Order is granted.

**IT IS SO ORDERED.**

s/ KENNETH G. GALE  
United States Magistrate Judge

Date: January 18th, 2011